

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT CABEZA,

                            Petitioner,                      **MEMORANDUM & ORDER**

           -against-                                      14-CV-733 (NGG)

PATRICK GRIFFIN,

                            Respondent.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

        On January 28, 2014, Petitioner filed the instant petition pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1993 conviction in the New York State Supreme Court, Kings County. (Petition (Dkt. 1).) Petitioner's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is GRANTED. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court has conducted a preliminary review of the petition and, for the reasons set forth below, determined that it may be time-barred under 28 U.S.C. § 2244(d). Accordingly, Petitioner is directed to submit an affirmation, within sixty (60) days of the entry of this Memorandum and Order, showing cause why the petition should not be dismissed as time-barred.

I.    **LEGAL STANDARD**

        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S.320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

Based upon its preliminary review of the petition, the court believes that Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 may be time-barred under the Act. Petitioner was convicted by a jury in the New York State Supreme Court, Kings County of murder in the second degree, attempted murder in the second degree, robbery in the second degree, and assault in the first degree on April 14, 1993. (Petition at 1.) He was sentenced to a term of imprisonment lasting from 33 and one third years to life. (Id.) The Appellate Division, Second Department, affirmed the conviction on November 13, 1995, see People v. Cabeza, 221 A.D.2d 460 (2d Dep't 1995), and the New York Court of Appeals denied Petitioner leave to appeal on February 27, 1996, see People v. Cabeza, 87 N.Y. 2d 971 (1996). Taking into account the 90-day period for Petitioner to seek review of his conviction before the Supreme Court of the United States, which Petitioner chose not to pursue, the judgment of conviction became final for

purposes of AEDPA's statute of limitations on or about May 27, 1996. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001); see also 28 U.S.C. § 2101(d).

Accordingly, the instant petition should have been filed on or before May 27, 1997.[1] See 28 U.S.C. § 2244(d). The petition was not filed until January 27, 2014, and therefore appears to be time-barred under AEDPA's one-year statute of limitations, unless tolling is applicable.

### A.   Statutory Tolling

In calculating the one-year statute of limitations period under AEDPA, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, the filing of a post-conviction motion does not reset the one-year limitations period. Rather, section 2244(d)(2)'s tolling provision merely excludes the time a post-conviction motion is under consideration from the calculation of the one-year statute of limitations. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

Petitioner alleges that he filed a motion to vacate the judgment against him pursuant to N.Y. Crim. Proc. Law § 440.10 on May 31, 2013, which is presently pending. (Petition at 2-3, ¶ 12.) It appears that Petitioner also filed a writ of *error coram nobis* on March 28, 2012 before the Second Department seeking vacatur of that court's decision affirming his conviction. (Petition at Ex. A.) That motion was denied on October 3, 2012. See People v. Cabeza, 99 A.D.3d 720 (2d Dept. 2012). On February 25, 2013, Petitioner was denied leave to file an appeal of the Second Department's denial of the writ of *error coram nobis*. People v. Cabeza, 20 N.Y.3d 1060 (2013). However, neither the pending § 440 motion nor the writ of *error coram*

---

[1] Because Petitioner's conviction became final after the Act came into effect on April 24, 1996, AEDPA's one year statute of limitations applies. Cf. Ross v. Artuz, 150 F.3d 97 (2d Cir. 1998) (considering applicability of AEDPA's limitations period for convictions finalized before the Act's effective date).

3

*nobis* can be relied upon for statutory tolling under § 2244(d)(2) because they were filed after the one-year statute of limitation period had expired.

### B. Equitable Tolling

In order to be eligible for equitable tolling, a habeas petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Dillon v. Conway, 642 F.3d 358, 362 (2d Cir. 2011) (quoting Holland v. Florida, 560 U.S. 631 (2010)); see also Jenkins v. Greene, 630 F.3d 298, 302 (2d Cir. 2010). However, the Second Circuit has previously held that equitable tolling should be applied only in "rare and exceptional circumstances" where "extraordinary circumstances" prevented compliance with the applicable limitations period. Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (internal citation and quotation marks omitted). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see also Jenkins, 630 F.3d at 303.

On the present record, there does not appear to be a basis for equitable tolling.

### II. CONCLUSION

Petitioner is hereby directed to show cause by affirmation, within 60 days from the date of this order, why the statute of limitations should not bar the instant petition.[2] Day v. McDonough, 547 U.S. 198, 210 (2006) (citing Acosta v. Artuz, 221 F.3d 117, 124-25 (2d Cir.

---

[2] An affirmation form is attached to this order for Petitioner's convenience.

2000)) (before acting on its own initiative to dismiss petition as untimely, court must accord the petitioner fair notice and an opportunity to present his position).

Should Petitioner file an affirmation, he must include any facts which would support equitable tolling of the statute of limitations. No response or answer shall be required at this time and all further proceedings shall be stayed for 60 days for Petitioner to comply with this order. If Petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d).

SO ORDERED.

Dated: Brooklyn, New York
February 25, 2014

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge