UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT CABEZA,

                     Petitioner,

      -against-

PATRICK GRIFFIN,

                     Defendant.
-------------------------------------------------------------------X

**ORDER**

**14-CV-733 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On January 28, 2014, Petitioner filed the instant pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 1993 New York state conviction. (Pet. (Dkt. 1).) By Order dated February 25, 2014, Petitioner's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 was granted, and Petitioner was directed to submit an affirmation, within sixty (60) days of the entry of that Order, explaining why the Petition should not be dismissed as time-barred. (Feb. 25, 2014, Order (Dkt. 4).)

On May 8, 2014, Petitioner filed his Affirmation, which argues for equitable tolling of the statute of limitations period. (Pet'r's Affirmation (Dkt. 5).) Upon review of Petitioner's Affirmation, the court finds that the Petition is untimely, and the arguments presented in Petitioner's Affirmation are insufficient to warrant equitable tolling. Therefore, for the reasons discussed below, the Petition is DISMISSED as time-barred.

**I.    DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

1

judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act").

Petitioner was convicted by a jury in the New York State Supreme Court, Kings County, on April 14, 1993. (Pet. at 1, ¶ 3.) The Appellate Division, Second Department, affirmed the conviction on November 13, 1995. See People v. Cabeza, 221 A.D.2d 460 (2d Dep't 1995). On February 27, 1996, the New York Court of Appeals denied Petitioner leave to appeal. See People v. Cabeza, 87 N.Y.2d 971 (1996). Taking into account the 90-day period for Petitioner to seek review of his conviction before the Supreme Court of the United States, which petitioner chose not to pursue, the judgment of conviction became final for the purposes of AEDPA's

statute of limitations on or about May 27, 1996. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Therefore, the instant petition should have been filed on or before that date. Since the petition was filed on January 28, 2014, over seventeen years after the limitations period expired, it is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

On March 28, 2012, Petitioner moved for a writ of error *coram nobis* on the ground that his appellate counsel had been ineffective for not raising the claim that his trial counsel was ineffective. (Pet., Ex. C (People's Ltr. in Opp'n to Pet. Mot. for Leave to Appeal, People v. Cabeza, 951 N.Y.S.2d 406 (2d Dep't 2012).) The Appellate Division denied the motion on October 3, 2012. (Id.) On February 25, 2012, Petitioner was denied leave to file an appeal of the denial of the writ of error *coram nobis*. People v. Cabeza, 20 N.Y.3d 1060 (2013). Petitioner alleges that on May 31, 2013, he also filed a motion to vacate judgment pursuant to N.Y. Criminal Procedure Law § 440.10, and that motion is presently pending. (Pet. at 2-3, ¶ 12.)

Both the motion for a writ of *error coram nobis* and the section 440.10 motion and cannot be counted for statutory tolling purposes under § 2244(d)(2) because they were filed after the one-year statute of limitation period had expired. See Doe v. Menefee, 391 F.3d 147, 154 (2d Cir. 2004) (holding that a state collateral proceeding commenced after the statute of limitations has run does not reset the limitations period); Smith v. McGinnis, 208 F.3d 13, 16-17 & n.2 (2d Cir. 2000).

### A. Procedural Default Exception Under Martinez

Petitioner, relying on the Supreme Court's decision in Martinez v. Ryan, --- U.S. ----, 132 S. Ct. 1309 (2012), argues that the limitations period should be equitably tolled. (Affirmation at 1.) Martinez held that an ineffective assistance of trial counsel claim on which the petitioner had procedurally defaulted because of a state-law requirement that the claim be raised at the initial

3

state collateral review proceeding could nevertheless be heard in a federal habeas proceeding if the petitioner was not represented by counsel, or received ineffective assistance of counsel, at the state collateral proceeding. Martinez, 132 S. Ct. at 1315.

Petitioner claims that his appellate counsel was ineffective because he failed to raise a claim of ineffective assistance of trial counsel on direct appeal. (Affirmation at 4.) Petitioner argues that since his motion for a writ of error *coram nobis* is the first time that a state court will review his claim of ineffective assistance of trial and appellate counsel claims "it is the equivalent of a direct appeal," (id.), paraphrasing some of the reasoning in Martinez. Petitioner further asserts that since he moved for a writ of error *coram nobis* one week after Martinez was decided, and filed the instant action within one-year of the filing of the writ, his Petition is timely. (Id. at 10.) Petitioner's arguments are unavailing.

Martinez created only a "narrow exception" to the rule that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default" in a federal habeas proceeding. Martinez, 132 S. Ct. at 1315. This exception applies only where a petitioner would otherwise be procedurally barred for failing to raise an ineffective assistance of trial counsel claim in his first state collateral proceeding when he did not have counsel or suffered further ineffective assistance of counsel at the collateral proceeding stage. Id. District courts that have considered the issue have held that Martinez is inapplicable to the determination of timeliness under AEDPA's one-year statute of limitations and also did not create a new, retroactive constitutional right triggering 28 U.S.C. § 2244(d)(1)(C). See Williams v. Walsh, No. 12-CV-1364, 2013 WL 5874815, at *4 (M.D. Pa. Oct. 30, 2013) ("Martinez did not provide that post-conviction counsel's ineffectiveness could establish an exception to, or equitable tolling of, AEDPA's one-year statute of limitations for filing a federal habeas corpus

4

petition."); Stromberg v. Varano, No. 09-CV-401, 2012 WL 2849266, at *5 n.37 (E.D. Pa. July 11, 2012) ("Martinez is not controlling in this case because the Court denied the Petition as time-barred, not procedurally defaulted. Furthermore, the consideration of procedurally defaulted claims does not alleviate a petitioner's burden to overcome ADEPA's statute of limitation."); see also Howell v. McFadden, No. 12-CV-2808 (JFA), 2014 WL 791504, at *2 (D.S.C. Jan. 27, 2014) (finding petitioner was not entitled to equitable tolling because "Martinez neither created a new constitutional right nor made one retroactively applicable to Petitioner's case").

Here, Petitioner's § 2254 claim is barred because it is untimely, not because of a failure to previously raise an ineffective assistance of counsel claim; therefore Martinez offers no relief.

### B. Equitable Tolling

Equitable tolling is available only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). The determination that circumstances faced by a petitioner were "extraordinary" "depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the petitioner endeavoring to comply with AEDPA's limitations period." Id. (citation omitted). The determination of whether equitable tolling is appropriate must be made on a case-by-case basis. See Holland, 560 U.S. at 650; Jenkins v. Greene, 630 F.3d 298, 305 (2d Cir. 2010) (recognizing that "equitable procedure demands flexibility in the approach of equitable intervention").

A petitioner seeking equitable tolling must "demonstrate a causal relationship between the extraordinary circumstances . . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding

5

the extraordinary circumstances." Jenkins, 630 F.3d at 303 (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)); see also Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011) (holding that in order to secure equitable tolling, the petitioner must demonstrate that extraordinary circumstances caused him to miss the original filing deadline). Here, Petitioner has offered no explanation of the circumstances that rendered his filing more than seventeen years late. On the present record there is no basis to justify equitable tolling of the statute of limitations period.

## II. CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus is DISMISSED as time-barred under 28 U.S.C. § 2244(d)(1). A certificate of appealability shall not issue as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2d Cir. 2000); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). The court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 22, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge